UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-195 |
| | ) | |
| DAVID TYLER WILSON | ) | |

**MEMORANDUM AND ORDER**

Now before the Court is the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i) and for appointment of counsel. [Doc. 44]. The United States has responded in opposition the motion. [Doc. 47].[1] The defendant has not replied within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration. For the reasons stated below, the defendant's motion will be denied.

**I.  BACKGROUND**

In November 2019, this Court sentenced the defendant to a below-guidelines net term of 262 months' imprisonment for production and possession of child pornography. The defendant is presently housed at FCI Butner Low with a projected release date of June 22, 2037. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 3, 2021). He now moves for compassionate release due to diagnoses of Attention-Deficit / Hyperactivity Disorder ("ADHD") and Oppositional Defiant Disorder ("ODD") with

---

[1] Appended to the response are victim impact statements from the defendant's own family members, asking that the motion be denied. [Doc. 47, ex. 2].

psychotic tendencies, which he contends "were not presented to the court at the time of sentencing." [Doc. 44].

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit have previously turned

2

to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but, as of November 20, 2020, are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[2] "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114.

### A. Exhaustion

The defendant has previously submitted a compassionate release request to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 44]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

As mentioned above, in support of his motion the defendant cites his diagnoses of ADHD and ODD with psychotic tendencies, which he contends the Court was not made aware of prior to sentencing. Consistent with § 3582 and the Sixth Circuit's holding in *Jones*, this Court has considered the defendant's arguments and the broader facts of this case in light of the pertinent § 3553(a) factors. Pursuant to 18 U.S.C. § 3553(a),

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

---

[2] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

3

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

      (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

      (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .

   . . .

(5) any pertinent policy statement—

   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

   (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The defendant's motion does not cite COVID-19 as a basis for compassionate release but the denial letter from his warden states that he raised "concerns related to COVID-19" in his initial request to the BOP. At the defendant's correctional institution, there are currently one inmate and seven staff positive for COVID-19, with 582 inmates and 29 staff having recovered, and 18 deaths among inmates and staff. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 3, 2021). These numbers are significant, but the Court simultaneously notes that outside the prison setting our nation remains in grave crisis in terms of COVID diagnoses, variants, hospitalizations, and deaths. Further, the COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

As for the arguments raised in the instant motion, the BOP's SENTRY Report categorizes the defendant as Care Level 1 in terms of both physical and mental health. "Care Level 1 inmates are less than 70 years of age and are generally healthy. They may

5

have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Feb. 3, 2021). It therefore does not appear that the defendant's mental condition is so extraordinary as to warrant compassionate release.

Moreover, the defendant's base premise is faulty. The motion for downward sentencing variance filed by counsel relied heavily on "a lifetime of mental health issues" including ADHD and ODD with psychotic tendencies. [Doc. 31, p. 2-3]. More than two pages of the Presentence Investigation Report were devoted to his mental and emotional health issues including ADHD and ODD with psychotic tendencies. [Doc. 25, ¶¶ 69-74]. The Court carefully considered each of those documents in reaching its decision to impose a prison sentence that was *62 months* below the bottom of the defendant's advisory guideline range. That decision was based in no small part on the defendant's mental and emotional health. [Doc. 39].

In sum, the defendant has not shown that the Court was unaware of his cited conditions at the time of sentencing, or that those conditions have now worsened such that compassionate release is warranted. It is by no means uncommon for this Court to impose a prison sentence on persons who suffer from mental health problems. The defendant's arguments for compassionate release are thus neither extraordinary nor compelling.

Turning to the nature and circumstances of the instant offense and the defendant's history and characteristics, in this case the defendant produced pornographic images of two family members under the age of five. [Doc. 25, ¶¶ 17-21]. Additionally, in an online chat the defendant boasted of sexually abusing each of the girls, starting when each was less

than two years' old. [*Id.*, ¶ 23]. The defendant intended to sell the pornography he had made for "a 'monthly payment plan or a rate per set,' and would only accept crypto currency." [*Id.*]. The severity and impact of these crimes, while obvious, is further illuminated by the victim impact statements on file. [Doc. 47, ex. 2]. The defendant also possessed pornographic images and videos of minors other than his relatives. [Doc. 25, ¶¶ 22, 24-25].

The Court notes that the defendant has no prior convictions, although he was arrested and charged in 2016 with Aggravated Exploitation of a Minor. [*Id.*, ¶¶ 60, 63]. The disposition of that case is unknown. [*Id.*, ¶ 63].

The Court has again considered the defendant's physical and mental health. [*Id.*, ¶¶ 67-74]. Additionally, the Court notes that the defendant abused controlled substances "often daily" from age 18 until his arrest for the instant offense. [*Id.*, ¶ 75]. His employment record is minimal. [*Id.*, ¶ 77]. The SENTRY Report shows one disciplinary sanction, in July 2020, for possessing an unauthorized item and lying or falsifying a statement.

The Court has weighed the relevant § 3553(a) factors, the circumstances of this case, the defendant's history and characteristics, and the arguments raised in the instant motion. The Court recognizes that the defendant has mental health issues. That point, however, is not uncommon and is neither "extraordinary" nor "compelling" such as to warrant the extreme remedy of compassionate release.

The defendant's conduct in this case was horrific, repeated, and planned. More than 16 years of actual time remains on his sentence—a sentence imposed barely one year ago.

7

*See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (Several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate.").

Compassionate release on these facts would not reflect the seriousness of the offenses of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes. The pending compassionate release motion will accordingly be denied.

### III. APPOINTMENT OF COUNSEL

Turning to the defendant's request for appointed counsel, there is no constitutional right to an attorney in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). A district court has *discretion*, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising that discretion, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The compassionate release arguments presented to the Court in this case are straightforward and familiar, not beyond the capability of an ordinary *pro se* litigant. Moreover, pursuant to this court's Standing Order SO-19-04, Federal Defender Services of Eastern Tennessee ("FDSET") has already been appointed to represent all defendants who

8

file a *pro se* § 3582(c)(1)(A) motion. FDSET has reviewed the defendant's file and has determined that it will not make any filings in this case. [Doc. 46].

## IV. CONCLUSION

As provided herein, the defendant's motion for compassionate release and for the appointment of counsel [doc. 44] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge